UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN J. BROWN,

    Plaintiff,

v.                                        Case No. 21-cv-1413-bhl

JANET PROTASIEWICZ,
WILLIAM T. BERENS,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Brian Brown, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). Before a Court can determine whether a prisoner plaintiff my proceed *in forma pauperis*, the plaintiff must submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. §1915(a)(2). Brown did not file a copy of his trust account statement as ordered, *see* Dkt. No. 4, so the Court will deny his motion to proceed without prepaying the filing fee. The Court also will dismiss this case.

### SCREENING OF THE COMPLAINT

"The court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A. Brown alleges that Milwaukee County Circuit Court Judge Janet C. Protasiewicz and ADA William T. Berens

violated his rights. According to Brown, Judge Protasiewicz "unlawfully issued [him] to a judgment of conviction" and sentenced him to 120 years in prison. ADA Berens allegedly vindictively prosecuted him when he brought charges for first and second degree sexual assault without probable cause. Brown asks the Court to dismiss with prejudice all charges against him and to order that he be immediately released. Brown also seeks money damages.

Brown's claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that "§1983 cannot be used to seek damages under a theory that implies the invalidity of a standing criminal conviction." *Raney v. Wisconsin*, No. 21-1863, 2022 WL 110276, at *2 (7th Cir. Jan. 12, 2022). The Seventh Circuit has recently repeated that potential claims arising from trial that "would impugn the validity of [a plaintiff's] conviction" must be dismissed without prejudice. *Id.* Brown may refile his claims for damages if his conviction is later reversed; however, the Court reminds Brown that judges and prosecutors who are performing their duties in the judicial process are shielded by absolute immunity. *Mockbee v. Lee*, No. 20-2004, 2021 WL 5918556, at *2 (7th Cir. 2021).

Further, the Supreme Court long ago explained that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Accordingly, to the extent Brown seeks release from prison, his claim is not cognizable under §1983. *Heck*, 512 U.S. at 481. Instead, Brown must bring his claim in habeas corpus proceedings.

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED.**

2

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** because his claim for damages is *Heck*-barred and his claim seeking release from prison must be brought in habeas corpus proceedings. The Court will include a blank habeas form and guide along with this decision.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to Brown's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brown' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 18, 2022.

                                                                    s/ *Brett H. Ludwig*
                                                                    BRETT H. LUDWIG
                                                                    United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.